# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: IVICIC, ROSE | § | Case No. 09-04578-JS |
| | § | |
| | § | |
| Debtor(s) | § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under Chapter 7 of the United States Bankruptcy Code was filed on February 13, 2009. The undersigned trustee was appointed on February 13, 2009.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554  An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A.**

4. The trustee realized the gross receipts of          $      1,335,108.82

Funds were disbursed in the following amounts:

| | |
|---|---:|
| Payments made under an interim distribution | 0.00 |
| Administrative expenses | 912.00 |
| Bank service fees | 0.00 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemptions paid to the debtor | 0.00 |
| Other payments to the debtor | 150,000.00 |
| Leaving a balance on hand of [1] | $      1,184,196.82 |

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-TFR (05/1/2011)**

6. The deadline for filing non-governmental claims in this case was 07/27/2010 and the deadline for filing governmental claims was 08/12/2009. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $36,673.42. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $36,673.42, for a total compensation of $36,673.42.[2] In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00 and now requests reimbursement for expenses of $0.00, for total expenses of $0.00.[2]

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 08/17/2011          By: /s/DAVID GROCHOCINSKI, TRUSTEE
                                Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D)

**UST Form 101-7-TFR (05/1/2011)**

Exhibit A

# Form 1

## Individual Estate Property Record and Report
## Asset Cases

Page: 1

**Case Number:** 09-04578-JS  
**Case Name:** IVICIC, ROSE  

**Trustee:** (520067) DAVID GROCHOCINSKI, TRUSTEE  
**Filed (f) or Converted (c):** 02/13/09 (f)  
**§341(a) Meeting Date:** 03/31/10  

**Period Ending:** 08/17/11  
**Claims Bar Date:** 07/27/10  

| 1 | | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|---|
| **Asset Description** (Scheduled And Unscheduled (u) Property) | | **Petition/ Unscheduled Values** | **Estimated Net Value** (Value Determined By Trustee, Less Liens, Exemptions, and Other Costs) | **Property Abandoned** OA=§554(a) DA=§554(c) | **Sale/Funds Received by the Estate** | **Asset Fully Administered (FA)/ Gross Value of Remaining Assets** |
| Ref. # | | | | | | |
| 1 | HOUSEHOLD GOODS | 800.00 | 0.00 | | 0.00 | FA |
| 2 | CLOTHING | 300.00 | 0.00 | | 0.00 | FA |
| 3 | JEWELRY | 500.00 | 0.00 | | 0.00 | FA |
| 4 | 2008 TAX REFUND | 2,700.00 | 0.00 | | 0.00 | FA |
| 5 | 2004 NISSAM MURANO | 7,712.50 | 0.00 | | 0.00 | FA |
| 6 | 1999 AUDI A4 QUATTRO | 2,050.00 | 0.00 | | 0.00 | FA |
| 7 | PI CLAIM | Unknown | Unknown | | 1,334,815.98 | FA |
| Int | INTEREST (u) | Unknown | N/A | | 292.84 | Unknown |
| 8 | Assets Totals (Excluding unknown values) | **$14,062.50** | **$0.00** | | **$1,335,108.82** | **$0.00** |

**Major Activities Affecting Case Closing:**

PI CASE DISCOVERED AND SCHEDULES AMENDED AND CASE REOPENED; SETTLEMENT APPROVED IN CASE; TRUSTEE EXPECTS SETTLEMENT TO PAY ALL CLAIMS IN FULL; PAYMENT OF SURPLUS TO DEBTOR

**Initial Projected Date Of Final Report (TFR):** June 30, 2011      **Current Projected Date Of Final Report (TFR):** June 30, 2012

Printed: 08/17/2011 01:52 PM    V.12.57

Exhibit B

# Form 2

Page: 1

## Cash Receipts And Disbursements Record

**Case Number:** 09-04578-JS  
**Case Name:** IVICIC, ROSE  

**Taxpayer ID #:** **-***5634  
**Period Ending:** 08/17/11

**Trustee:** DAVID GROCHOCINSKI, TRUSTEE (520067)  
**Bank Name:** The Bank of New York Mellon  
**Account:** 9200-******17-65 - Money Market Account  
**Blanket Bond:** $5,000,000.00 (per case limit)  
**Separate Bond:** N/A

| 1<br>Trans.<br>Date | 2<br>{Ref #} /<br>Check # | 3<br>Paid To / Received From | 4<br>Description of Transaction | T-Code | 5<br>Receipts<br>$ | 6<br>Disbursements<br>$ | 7<br>Money Market<br>Account Balance |
|---|---|---|---|---|---|---|---|
| 02/03/11 | {7} | BAYER | SETTLEMENT AGREEMENT PER ORDER OF 12/3/10 | 1142-000 | 1,334,815.98 | | 1,334,815.98 |
| 02/15/11 | 1001 | INTERNATIONAL SURETIES, LTD. | BOND PREMIUM PAYMENT ON LEDGER BALANCE AS OF 02/15/2011 FOR CASE #09-04578, Bond#016026455 | 2300-000 | | 879.24 | 1,333,936.74 |
| 02/17/11 | 1002 | ROSE IVICIC | SURPLUS TO DEBTOR<br>Voided on 02/28/11 | 8200-002 | | 150,000.00 | 1,183,936.74 |
| 02/28/11 | Int | The Bank of New York Mellon | Interest posting at 0.0700% | 1270-000 | 63.97 | | 1,184,000.71 |
| 02/28/11 | 1002 | ROSE IVICIC | SURPLUS TO DEBTOR<br>Voided: check issued on 02/17/11 | 8200-002 | | -150,000.00 | 1,334,000.71 |
| 03/01/11 | 1003 | ROSE IVICIC | SURPLUS TO DEBTOR | 8200-002 | | 150,000.00 | 1,184,000.71 |
| 03/09/11 | 1004 | UPS | INV 0000FA7336091/OVERNIGHT DELIVERY FEES | 2990-000 | | 32.76 | 1,183,967.95 |
| 03/31/11 | Int | The Bank of New York Mellon | Interest posting at 0.0700% | 1270-000 | 70.65 | | 1,184,038.60 |
| 04/29/11 | Int | The Bank of New York Mellon | Interest posting at 0.0700% | 1270-000 | 68.11 | | 1,184,106.71 |
| 05/31/11 | Int | The Bank of New York Mellon | Interest posting at 0.0700% | 1270-000 | 70.37 | | 1,184,177.08 |
| 06/30/11 | Int | The Bank of New York Mellon | Interest posting at 0.0100% | 1270-000 | 9.70 | | 1,184,186.78 |
| 07/29/11 | Int | The Bank of New York Mellon | Interest posting at 0.0100% | 1270-000 | 10.04 | | 1,184,196.82 |
| 08/01/11 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 2,271.04 | 1,181,925.78 |
| 08/11/11 | | The Bank of New York Mellon | Bank and Technology Services Fee Adjustment | 2600-000 | | -2,271.04 | 1,184,196.82 |
| | | | **ACCOUNT TOTALS** | | 1,335,108.82 | 150,912.00 | **$1,184,196.82** |
| | | | Less: Bank Transfers | | 0.00 | 0.00 | |
| | | | **Subtotal** | | 1,335,108.82 | 150,912.00 | |
| | | | Less: Payments to Debtors | | | 150,000.00 | |
| | | | **NET Receipts / Disbursements** | | **$1,335,108.82** | **$912.00** | |

{} Asset reference(s)

Printed: 08/17/2011 01:52 PM    V.12.57

Exhibit B

# Form 2

Page: 2

## Cash Receipts And Disbursements Record

**Case Number:** 09-04578-JS  
**Case Name:** IVICIC, ROSE  

**Taxpayer ID #:** **-***5634  
**Period Ending:** 08/17/11  

**Trustee:** DAVID GROCHOCINSKI, TRUSTEE (520067)  
**Bank Name:** The Bank of New York Mellon  
**Account:** 9200-******17-66 - Checking Account  
**Blanket Bond:** $5,000,000.00 (per case limit)  
**Separate Bond:** N/A  

| 1<br>Trans.<br>Date | 2<br>{Ref #} /<br>Check # | 3<br>Paid To / Received From | 4<br>Description of Transaction | T-Code | 5<br>Receipts<br>$ | 6<br>Disbursements<br>$ | 7<br>Checking<br>Account Balance |
|---|---|---|---|---|---|---|---|
| (No Transactions on File for this Period) | | | ACCOUNT TOTALS | | 0.00 | 0.00 | $0.00 |
| | | | Less: Bank Transfers | | 0.00 | 0.00 | |
| | | | Subtotal | | 0.00 | 0.00 | |
| | | | Less: Payments to Debtors | | | 0.00 | |
| | | | NET Receipts / Disbursements | | $0.00 | $0.00 | |

```
           Net Receipts :     1,335,108.82
     Less Payments to Debtor :   150,000.00
                                _____
              Net Estate :     $1,185,108.82
```

| TOTAL - ALL ACCOUNTS | Net<br>Receipts | Net<br>Disbursements | Account<br>Balances |
|---|---|---|---|
| **MMA # 9200-******17-65** | 1,335,108.82 | 912.00 | 1,184,196.82 |
| **Checking # 9200-******17-66** | 0.00 | 0.00 | 0.00 |
| | $1,335,108.82 | $912.00 | $1,184,196.82 |

{} Asset reference(s)    Printed: 08/17/2011 01:52 PM    V.12.57

**TRUSTEE'S PROPOSED DISTRIBUTION**

Exhibit D

Case No.: 09-04578-JS
Case Name: IVICIC, ROSE
Trustee Name: DAVID GROCHOCINSKI, TRUSTEE

**Balance on hand:** $ 1,184,196.82

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| NA | GARRETSON FIRM RESOLUTION GROUP | 12,139.06 | 12,139.06 | 0.00 | 12,139.06 |

Total to be paid to secured creditors: $ 12,139.06
Remaining balance: $ 1,172,057.76

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees - DAVID GROCHOCINSKI, TRUSTEE | 36,673.42 | 0.00 | 36,673.42 |
| Attorney for Trustee, Fees - GROCHOCINSKI , GROCHOCINSKI & LLOYD, LTD. | 5,054.50 | 0.00 | 5,054.50 |
| Attorney for Trustee, Expenses - GROCHOCINSKI , GROCHOCINSKI & LLOYD, LTD. | 139.69 | 0.00 | 139.69 |
| Charges, U.S. Bankruptcy Court | 260.00 | 0.00 | 260.00 |
| Other Fees: TorHoerman Law LLC | 568,006.80 | 0.00 | 568,006.80 |
| Other Expenses: BURG SIMPSON | 1,125.52 | 0.00 | 1,125.52 |
| Other Expenses: GARRETSON FIRM RESOLUTION GROUP | 1,000.00 | 0.00 | 1,000.00 |
| Other Expenses: TorHoerman Law LLC | 14,414.30 | 0.00 | 14,414.30 |

Total to be paid for chapter 7 administration expenses: $ 626,674.23
Remaining balance: $ 545,383.53

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| None | | | |

Total to be paid for prior chapter administrative expenses: $ 0.00
Remaining balance: $ 545,383.53

**UST Form 101-7-TFR (05/1/2011)**

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

| | | |
|---|---|---|
| Total to be paid for priority claims: | $ | 0.00 |
| Remaining balance: | $ | 545,383.53 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 28,137.22 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 100.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Northwestern Medical Faculty Foundation | 8,597.68 | 0.00 | 8,597.68 |
| 2 | AmeriCredit Financial Services,Inc. | 19,539.54 | 0.00 | 19,539.54 |

| | | |
|---|---|---|
| Total to be paid for timely general unsecured claims: | $ | 28,137.22 |
| Remaining balance: | $ | 517,246.31 |

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

| | | |
|---|---|---|
| Total to be paid for tardy general unsecured claims: | $ | 0.00 |
| Remaining balance: | $ | 517,246.31 |

**UST Form 101-7-TFR (05/1/2011)**

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for subordinated claims: $ 0.00
Remaining balance: $ 517,246.31

To the extent funds remain after payment in full of all allowed claims, interest will be paid at the legal rate of 0.6% pursuant to 11 U.S.C. § 726(a)(5). Funds available for interest are $605.80. The amounts proposed for payment to each claimant, listed above, shall be increased to include the applicable interest.

The amount of surplus returned to the debtor after payment of all claims and interest is $ 516,640.51.

**UST Form 101-7-TFR (05/1/2011)**